OPINION *Page 2 
{¶ 1} These are two appeals consolidated for the purposes of this opinion. In Case No. 06-CA-41, Deidre Stevens, the natural mother of Daquon, Danea, and Deveneisha Cutright, appeals a judgment of the Court of Common Pleas, Juvenile Division of Guernsey County, Ohio, which terminated her parental rights in her three minor children and granted permanent custody to the Guernsey County Children's Services Board. She assigns as error:
 {¶ 2} "THE TRIAL COURT'S FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THAT THE GUERNSEY COUNTY CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT'S PARENTAL RIGHTS SHOULD BE TERMINATED. "
 {¶ 3} In Case No. 06-CA-43, Randy Cutright, Jr., the children's natural father, appeals from the same entry which terminated his parental rights in the children. He raises the same error:
 {¶ 4} "THE TRIAL COURT'S FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE; THE GUERNSEY COUNTY CHILDREN SERVICES BOARD FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT'S PARENTAL RIGHTS SHOULD BE TERMINATED."
 {¶ 5} The record indicates Guernsey County Children's Services Board, hereinafter referred to as the agency, filed for emergency custody of the children. The children had been residing with appellant mother, but the water to the home had been shut off and the landlord had started eviction proceedings. Appellant-father was incarcerated at the time. On November 22, 2005, appellant-mother admitted the *Page 3 
children were dependent. On December 6, 2005, the court held a dispositional hearing and continued temporary custody of the children with the agency. The court approved the agency's case plan to reunite the children with the appellant-mother, but the appellant-father was still incarcerated. On July 5, 2006, the agency filed its motion for permanent custody. On October 20, 2006, appellant-father, who had been released from prison in the interim, filed a motion for custody of the minor children. On November 6, 2006, the trial court conducted a hearing, and on November 28, 2006, sustained the agency's motion for permanent custody.
 {¶ 6} The Ohio Supreme Court has held a parent has a fundamental liberty interest in the care, custody, and management of his or her child and an essential and basic civil right to raise the children,In Re: Murray (1990), 52 Ohio St. 3d 155, 556 N.E. 2d 1169. However, the rights of the parents are always subject to the ultimate welfare of the child, In Re: Cunningham (1979), 59 Ohio St. 2d 100, 391 N.E. 2d 1034.
 {¶ 7} R.C. 2151.414 provides a party seeking to terminate the parental rights of a parent must show by clear and convincing evidence it is in the children's best interest to grant permanent custody of the child to the agency. The standard of clear and convincing evidence has been defined as proof which will produce in the mind of the trier of facts "a firm belief or conviction as to the facts sought to be established",In Re: Adoption of Holcomb (1985), 18 Ohio St. 3d 361, 481 N.E. 2d 613
citations deleted.
 {¶ 8} R.C. 2151.414 sets forth the factors a trial court should consider in determining whether a child's best interest is served by granting a motion for permanent custody. Those factors are: *Page 4 
 {¶ 9} (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 10} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 11} (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 12} (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 13} (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child. The thirteenth factor in division (E) is "The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child."
 {¶ 14} The trial court made findings of fact with regard to the best interest of the children in its November 28, 2006 judgment entry. The court found:
 {¶ 15} "(a). The children interact better towards and with their foster caregiver than they do with their mother and due to the many incarcerations of the father he has not interacted with the children.
 {¶ 16} (b). The children were too young to express the desire on their own or through the guardian ad-litem as to their wishes. *Page 5 
 {¶ 17} (c). The children have been continuously in the temporary custody of Guernsey County Children's Services Board from September 12, 2005 through the date of the hearing of November 6, 2006.
 {¶ 18} (d). These children need a legally secure placement and that placement cannot be achieved without a grant of permanent custody to Guernsey County Children's Services Board.
 {¶ 19} (e). The father was incarcerated at the time of the filing of the motion for permanent custody.
 {¶ 20} (f). The father was repeatedly incarcerated and the repeated incarceration prevents the parent from providing care for the children.
 {¶ 21} (g). The mother is unable to be a mother. She has no parenting skills. The mother was not even able to maintain free housing; she was sanctioned and lost her HUD voucher. The father is unable to live in a civilized society due to his frequent incarceration. The parents are unable to care for themselves much less raise, nurture, or provide for three small children." Judgment Entry, Page 2.
 {¶ 22} The above findings by the trial court demonstrate the court considered the pertinent factors in R.C. 2151.414.
 {¶ 23} The record demonstrates the mother did not complete the requirements of her case plan. The agency's representative testified appellant-mother did not interact with her children during the supervised visits, and the guardian ad litem testified she was either unable or lacked the desire to have the children returned to her.
 {¶ 24} Appellant-father testified he had recently been released from prison, and had an apartment and a job. He testified prison had made him grow up a lot, and he *Page 6 
wanted to have custody of his children rather than lose them to Children's Services. He testified on two occasions he had been released to a half-way house, but ended up back in prison both times. Appellant stated he believed he had four assault convictions and three domestic violence convictions, and the children had been present for the domestic violence crimes.
 {¶ 25} We find there is sufficient, competent and credible evidence in the record to support the trial court's findings by clear and convincing evidence, and we find the trial court did not err in determining the best interest of the three minor children is served by terminating the parental rights of both appellants, and granting custody to the Agency. Accordingly, both assignments of error are overruled.
 {¶ 26} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is affirmed.
Gwin, P.J., Edwards, and Delaney, concur.
 JUDGMENT ENTRY
CASE NO. 2006-CA-41
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is affirmed. Costs to be split between the appellants.
 JUDGMENT ENTRY
CASE NO. 2006-CA-43
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Guernsey County, Ohio, is affirmed. Costs to be split between the appellants. *Page 1